NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000094**
**19-FEB-2016**
**08:57 AM**

NO. CAAP-15-0000094

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PAUL J. SULLA, JR., an individual; PAUL J. SULLA, III,
an individual, Plaintiffs-Appellees, v.
LEONARD G. HOROWITZ, an individual, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-0173)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant pro se Leonard G. Horowitz
(**Horowitz**) appeals from the Amended Final Judgment entered on
January 22, 2015 in the Circuit Court of the Third Circuit[1]
(**circuit court**).

On appeal, Horowitz contends the circuit court:

(1) lacked jurisdiction;

(2) "abused [its] discretion by neglecting [Horowitz's]
evidence];

(3) "erroneously ruled that [Horowitz's] non-consensual
lien was 'frivolous'";

(4) "erroneously adjudged that [Horowitz's] non-
consensual lien was not 'provided for by statute'";

(5) "erroneously adjudged that [Horowitz's] non-
consensual lien had 'no basis in fact or law'";

---

[1] The Honorable Elizabeth A. Strance presided.

(6) "erred in awarding [Plaintiffs-Appellees Paul J. Sulla Jr. (**Sulla**) and Paul J. Sulla, III (together, **Appellees**)] $7,894.60 . . . since the lien was not frivolous";

(7) erred in "awarding Appellees $7,894.60 . . . since the lien was permitted by statute";

(8) erred in awarding punitive damages;

(9) "erred in . . . fail[ing] to follow [Hawaii Revised Statutes (**HRS**)] § 607-14.5(b) [(Supp. 2015)]";

(10) "erred in . . . fail[ing] to follow HRS § 607-14.5(c)";

(11) "erred in effectively depriving [Horowitz] his [due process] rights";

(12) "erred by not sanctioning [Sulla] for concealing his surety interest . . . in violation of [Rules of the Circuit Courts of the State of Hawai'i] Rule 26(b)";

(13) "erred by neglecting further inquiry into [Horowitz's] protests concerning the same day transfer . . . of [Horowitz's] real property title" in violation of HRS § 414D-222(i) (2008 Repl.);

(14) erred in not finding documents and testimony fraudulent;

(15) erred in not finding Appellees had filed an affidavit in bad faith;

(16) erred in not finding a violation of HRS § 480D-3(2), (3), (6), (8), and (11) (2008 Repl.);

(17) erred in not finding a violation of Hawai'i Rules of Professional Conduct Rules 3.1, 3.3(a)(1)-(4), and 8.4(b)(c);

(18) erred in not finding that the eviction notices posted on Horowitz's property had been forged;

(19) "erred in neglecting [Horowitz's] pleading for the Court's compliance with Cannon 2, Rules 2.15(b) and 2.15(d)";

(20) "erred in granting summary judgment";

(21) "erred by neglecting the social interests raised by the disputing parties";

(22) "erred by neglecting [Sulla's] breach of public duty, and implied contract as a lawyer conducting his business

and personal affairs in 'bad faith' violation of his professional ethics rules and laws";

(23) "erred by neglecting [Sulla's] racketeering activities and enterprise";

(24) erred in not finding a violation of HRS § 651C-8(b)(2) and (d)(1) (1993);

(25) erred in "neglect[ing] the fact that [Horowitz's lien] . . . was placed in service to the community and law enforcement in compliance with HRS § 703-303(2)[(a)-(e) (2014 Repl.)]";

(26) erred in "neglect[ing], that under the extraordinary circumstances in this case featuring [Sulla's] administration of fraudulent transfers violating HRS § 651C (1993) provision; this law encourages [Sulla] to a lis pendens under the Hawaii doctrine of lis pendens . . . and . . . justice and due process and in voiding the unlawful transfers of [Horowitz's] real and personal properties";

(27) "neglected . . . relief in accordance with [the Uniform Commercial Code] statutes . . . [and] under 42 U.S.C. § 1988 as a citizen whistleblower participating in government, supporting law enforcement, and taking legal actions to secure justice on behalf of self and society."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Horowtiz's appeal is without merit.

## A. Jurisdiction

Horowitz contends the circuit court lacked jurisdiction to hear and determine Appellees' "Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaii" because "Article III, Section 2 of the Constitution requires these matters to be adjudicated in the federal District Court in Honolulu[.]"

"The circuit courts are courts of general jurisdiction." Sherman v. Sawyer, 63 Haw. 55, 57, 621 P.2d 346, 348 (1980) (citing State v. Villados, 55 Haw. 394, 397, 520 P.2d

3

427, 430 (1974)). "[T]he circuit court has jurisdiction over all civil causes of action unless precluded by the State Constitution or by statute." Sherman, 63 Haw. at 58, 621 P.2d at 349. Under HRS § 603-21.5 (Supp. 2015), circuit courts have jurisdiction for "[c]ivil actions and proceedings." Appellees brought their Petition pursuant to HRS § 507D-4(a) (2006 Repl.), which states, in pertinent part:

> §507D-4 Contesting validity of recorded instruments; injunctions. (a) Any party in interest in real or personal property which is subject to a claim of nonconsensual common law lien, who believes the claim of lien is invalid, may file a petition in the appropriate circuit court to contest the validity of that purported lien and to enjoin the lien claimant from making further filings with the registrar.

Horowitz's contention that the circuit court lacked jurisdiction is without merit.

## B. Summary Judgment

Most of Horowitz's points of error relate to his challenge to the circuit court's grant of summary judgment in favor of Appellees, and therefore we address these points of error together and evaluate whether Appellees were entitled to summary judgment.

In their Motion for Summary Judgment (MSJ), Appellees argued and met their initial burden to show that they were entitled to summary judgment because Horowitz filed a nonconsensual common law lien on Appellees' properties under HRS chapter 507D (2006 Repl.) ("Nonconsensual Common Law Liens and Frivolous Financing Statements"). A "nonconsensual common law lien" is defined as a lien that "(1) Is not provided for by a specific statute; (2) Does not depend upon, require by its terms, or call for the consent of the owner of the property affected for its existence; and (3) Is not a court-imposed equitable or constructive lien." HRS § 507D-2 (2006 Repl.).

HRS § 507D-1 (2006 Repl.) states:

> §507D-1 Findings and purpose. The legislature finds that there is a problem with the recording at the land court or the bureau of conveyances of invalid instruments which purport to affect the property interests of various persons, including but not limited to government officers and employees. These instruments, which have no basis in fact or law, have a seriously disruptive effect on property interests and title. They appear on title searches and other disclosures based on public records, and are costly and time-consuming to expunge. When they so appear, they

may obstruct a property owner's ability to transfer title or
obtain title insurance and financing.

. . . .

The legislature finds that it is necessary and in the
best interests of the State and private parties to
legislatively provide a means to relieve this problem, and
to limit the circumstances in which nonconsensual common law
liens shall be recognized in this State and to remedy the
filing of frivolous financing statements.

The statute allows a person "who believes the claim of
lien is invalid" to "file a petition in the appropriate circuit
court to contest the validity of that purported lien." HRS
§ 507D-4(a). Upon finding the lien to be invalid, the circuit
court is empowered to "expunge the instrument purporting to
create it, and order the lien claimant to pay actual damages,
costs of suit, and reasonable attorneys' fees." HRS § 507D-7(a)
(2006 Repl.). If the circuit court finds the lien to be
frivolous, "the court may also issue appropriate injunctive
relief against the lien claimant to preclude further filings of
any kind with the registrar for five years[.]" HRS § 507D-7(b).

Appellees argued in their MSJ that

the filing of the "Notice of Pendency of Action and
Commercial Lien" . . . was frivolous and filed with no legal
basis whatsoever, merely with the intent to harass
[Appellees] and punish them for filing a lawsuit for
defamation against [Horowitz] and to punish [Sulla] for
representing his client . . . in separate legal matters."

In response to Appellees' MSJ, Horowitz argued that the
lien was valid, based on debts owed to Horowitz by the Appellees.
Horowitz contends he filed a lien against Appellees' property "to
secure my damages of millions of dollars," which includes damages
he sought in an unresolved lawsuit Horowitz filed in federal
court against Appellees as well as payments made by Horowitz to
Sulla's clients in unrelated cases. These claims by Horowitz did
not authorize a notice of pendency of action or a lien against
Appellees' property. Horowitz did not purport to have filed an
action concerning or affecting title to the Appellees' real
property and Horowitz was not entitled to file a lien against
Appellees' property for prospective and hypothetical judgments
against Appellees. See HRS § 634-51 (Supp. 2015); cf. HRS § 636-
3 (Supp. 2014) ("Any money judgment, order, or decree of a state
court or the United States District Court for the District of

5

Hawaii shall be a lien upon real property when a copy thereof, certified as correct by a clerk of the court where it is entered, is recorded in the bureau of conveyances.").

Horowitz also argues that he had the right to place the lien under provisions of Hawai'i's adoption of the Uniform Commercial Code (**UCC**)--specifically §§ 490:9-334 (2008 Repl.) and 490:2-721 (2008 Repl.). The UCC, however, applies only to transactions in goods. HRS § 490:2-102 (2008 Repl.). Horowitz does not provide any evidence of a transaction between himself and Appellees upon which he may have permissibly filed a commercial lien.

It is clear as a matter of law that the "Notice of Pendency of Action and Commercial Lien" Horowitz filed with the Land Court "(1) Is not provided for by a specific statute; (2) Does not depend upon, require by its terms, or call for the consent of the owner of the property affected for its existence; and (3) Is not a court-imposed equitable or constructive lien." HRS § 507D-2. The "Notice of Pendency of Action and Commercial Lien" was a nonconsensual common law lien within the meaning of HRS § 507D-2. The circuit court did not err in its conclusion that there were no genuine issues of material fact and that Appellees were entitled to judgment as a matter of law. See Hawai'i Rules of Civil Procedure Rule 56.

## C. Fees and Costs

Horowitz's seventh, eighth, and ninth points of error relate to the monetary judgment award of $7,894.60, which included "$7,625 in fees and $269.60 in costs."

In its order granting Appellees' MSJ, the circuit court found the "Notice of Pendency of Action and Commercial Lien" to be frivolous. Under HRS § 507D-7(a), the circuit court was entitled to award Appellees costs and fees and specifies that the prevailing party "shall be awarded costs of suit, reasonable attorneys' fees, and either actual damages or $5,000, whichever is greater."

Other points of error raised by Horowitz not specifically addressed are equally without merit, including his

point that the circuit court erred in awarding punitive damages. No such award was made.

Therefore,

IT IS HEREBY ORDERED that the Amended Final Judgment entered on January 22, 2015 in the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawaiʻi, February 19, 2016.

On the briefs:

Leonard G. Horowitz,
Defendant-Appellant pro se.

Paul J. Sulla, Jr.
for Plaintiffs-Appellees.

Presiding Judge

Associate Judge

Associate Judge